# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| TOUCHSTREAM TECHNOLOGIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC<br><br>Defendant. | Civil Action No. 6:21-cv-569-ADA<br><br>**JURY TRIAL DEMANDED** |

## ORDER REGARDING VENUE DISCOVERY DISPUTE

On December 23, 2021, Defendant Google LLC ("Google") filed a Motion to Transfer Venue (Dkt. No. 26) in the above-captioned case. Plaintiff Touchstream Technologies, Inc. ("Touchstream") served Venue-Related Requests for Production on January 14, 2022, and Venue-Related Interrogatories on January 18, 2022.

After Google served its objections and responses thereto, the parties held a meet-and-confer, wherein Touchstream agreed to narrow the scope of its discovery requests. However, disputes between the parties remained. On February 17, 2022, the parties presented a summary of these disputes to the Court via email. On February 22, 2022, the Court held a remote hearing via Zoom.

This Court, having considered the issues raised by Touchstream regarding Google's responses to its Venue-Related Requests for Production and Venue-Related Interrogatories, hereby ORDERS the following:

| **Discovery Request** | **Court's ORDER** |
|---|---|
| Request for Production No. 1<br><br>For the Applicable Google Individuals, produce documents showing their responsibilities, duties, projects, and other objects of employment, including performance reviews, evaluations, Objectives and Key Results, self-assessments, employment agreements, contracts, organizational charts, and personnel files. | The Court ORDERS Google to produce documents evidencing Chromecast work by Google's 10 California witnesses and the Texas witnesses Touchstream identified (through performance reviews, Objectives and Key Results, etc.). |
| Request for Production Nos. 1, 2, 4<br><br>For the Applicable Google Individuals, produce documents showing their responsibilities, duties, projects, and other objects of employment, including performance reviews, evaluations, Objectives and Key Results, self-assessments, employment agreements, contracts, organizational charts, and personnel files.<br><br>Documents, such as organizational charts, showing the individuals involved in the conception, development, manufacture, marketing, and sale of the Relevant Devices or Accused Chromecast Functionalities, and their relationships (e.g., who reports to them and who they report to).<br><br>Documents showing the identities of all groups and individuals involved in YouTube Remote and Google TV, such as organizational charts, group listings, project summaries, and project assignments. | The Court ORDERS Google to produce a group listing of the organizational structure of Chromecast, YouTube Remote, and Google TV. |
| Request for Production No. 6<br><br>Documents and Things sufficient to identify all of Your business operations in the Western District of Texas, including offices and data centers, and further including for any business operation the physical address, the number of people employed there (as employees or independent contractors or in any other payment-for-services capacity), and the business activities performed there. | The Court ORDERS Google to provide a declaration that identifies the core areas that Google's Austin employees work in. |
| Request for Production Nos. 1, 7<br><br>For the Applicable Google Individuals, produce documents showing their responsibilities, duties, projects, and other objects of employment, including performance reviews, | The Court ORDERS Google to produce the 20 most recent documents containing "Chromecast" AND ("Texas" OR "Austin" OR "Waco") from |

| | |
|---|---|
| evaluations, Objectives and Key Results, self-assessments, employment agreements, contracts, organizational charts, and personnel files.<br><br>Documents in Your possession referencing Chromecast and locations in Texas, including but not limited to documents returned from a keyword search across Your systems of "Chromecast" and "Texas," "Chromecast" and "Austin," "Chromecast" and "Dallas," "Chromecast" and "El Paso," "Chromecast" and "Houston," "Chromecast" and "Irving," "Chromecast" and "Midlothian," "Chromecast" and "Pflugerville," "Chromecast" and "Plano," "Chromecast" and "San Antonio," and "Chromecast" and "Waco." | Google's 10 witnesses and non-custodial Chromecast folders. |
| Request for Production No. 5<br><br>Un-redacted versions of all venue-related briefing and Orders, along with exhibits thereto, as well as all non-privileged Venue-Related deposition transcripts, Responses to Venue-Related Interrogatories, Responses to Venue-Related Requests for Production, and Documents and Things which you produced in response to any Venue-Related Request for Production, as well as any other jurisdictional discovery not captured in the preceding categories of information, in any of the following cases filed in the United States District Courts in the state of Texas:<br>a. Sonos, Inc. v Google, Civil Action No. 6:20-cv-00881-ADA (WDTX);<br>b. Express Mobile Inc. v. Google, Civil Action No. 6:20-cv-00804-ADA (WDTX);<br>c. Ecofactor v. Google, Civil Action No. 6-20-cv-00075 (WDTX);<br>d. The State of Texas, et. al. v. Google LLC, 4:20-cv-00957 (EDTX);<br>e. SEVEN Networks, LLC v. Google LLC, 2:17-cv-00442-JRG (EDTX);<br>f. Uniloc USA, Inc. et al v. Google LLC, 2-16-cv-00566 (EDTX);<br>g. Personal Audio LLC v. Google Inc., 1-15-cv-00350 (EDTX);<br>h. Rockstar Consortium US LP et al v. Google Inc., 2-13-cv-00893 (EDTX). | The Court ORDERS Google to produce the sealed briefs and declarations under a protective order, with any confidential third-party information redacted. |
| Interrogatory No. 1<br><br>Describe Your storage systems relating to Chromecast.  A | Counsel for Google is ORDERED to promptly investigate and report back to |

3

| | |
|---|---|
| complete answer will include storage locations (both physical and logical) used by individuals working on Chromecast, redundancies for storage (e.g., whether multiple datacenters store copies of documents, and where they are located), retention policies (length of storage, archive policies, including how backups may be restored), whether these locations are indexed or otherwise searchable (including what documents and locations are indexed for searching, who has the ability to conduct searches at particular locations, the effort required to conduct a keyword search, and who may perform system-wide searches), and how Your employees search, save, and retrieve documents. | Touchstream's counsel whether the information discussed at the hearing (i.e. whether there are project folders where source code and PowerPoints are stored) exists. |
| Interrogatory No. 2<br><br>Identify the Google employees who have transferred or have expressed an interest in transferring their workplace, on a permanent or temporary basis, to Texas since 2020. See e.g. Kara Carlson, "Google's 'future is really bright' in Austin, company executive says," August 13, 2021, Austin American-Statesman (available at https://www.statesman.com/story/business/2021/08/13/austin-google-exec-companys-future-really-bright-in-city-tx/5488231001/) (last accessed January 17, 2022) ("Just anecdotally I'm hearing that there are existing employees that are really interested in transferring to Austin and so we expect that Austin will continue to grow as a site."). | The Court ORDERS Google to identify employees who have transferred to Texas from California or Washington since 2020. |

Google is directed to provide the information above in response to Touchstream's discovery requests with 14 days of this Order.

Signed this 3rd day of March, 2022

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE