IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| TOUCHSTREAM TECHNOLOGIES, INC., *Plaintiff,* v. GOOGLE LLC, *Defendant.* | Civil Case No. 6:21-cv-569-ADA **JURY TRIAL DEMANDED** |

**ORDER DENYING PLAINTIFF TOUCHSTREAM TECHNOLOGIES, INC.'S MOTION FOR RECONSIDERATION OF DENIAL OF MOTION TO COMPEL PRODUCTION OF GLOBAL USAGE METRICS (ECF NO. 107) AND GRANTING DEFENDANT GOOGLE, LLC'S OPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY (ECF NO. 114)**

Before the Court is Plaintiff Touchstream Technologies, Inc.'s ("Touchstream") Motion for Reconsideration of Denial of Motion to Compel Production of Global Usage Metrics. ECF No. 107 ("the Motion"). Defendant Google LLC ("Google") responded to the Motion on November 28, 2022, ECF No. 110, to which Touchstream replied on December 1, 2022. ECF No. 112. Google then moved for leave to file a sur-reply (ECF No. 114), which the Court hereby **GRANTS**. For the reasons described herein, the Court **DENIES** Touchstream's Motion.

I.  BACKGROUND

Touchstream filed suit against Google on June 4, 2021, alleging infringement based on Google's Chromecast product, which allegedly performs the infringing Chromecast functionalities. ECF No. 1 ¶ 45. The asserted claims in this case are method claims that purportedly relate to "casting" of video—finding content on one screen and watching it on another. *See generally* ECF No. 1. Touchstream alleges that the accused Chromecast functionalities comprise the methods performed through the operation of at least the standalone Chromecast devices (e.g., the Chromecast 1st Generation, Chromecast 2nd Generation, Chromecast 3rd Generation,

1

Chromecast Ultra, and Chromecast with Google TV), as well as devices implementing Chromecast built-in (collectively, "Chromecast" or "the Chromecast products"). *Id.* ¶ 48. The motion to compel sought information on casting and non-casting activity occurring outside the United States. ECF No. 111.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), courts may reconsider prior rulings based upon "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

## III.  DISCUSSION

In its Motion, Touchstream urges the Court to reconsider its ruling during the November 16, 2022, discovery hearing, during which it denied Touchstream's request to compel Google to produce global usage metrics. ECF No. 107 at 1. The Motion adduces no new facts or evidence that warrant reconsideration. Indeed, it re-urges the same positions and case law advanced in earlier briefing submitted to the Court. It does not cite a single case that became available since this Court's prior denial of the motion to compel that presents novel arguments or intervening changes in controlling law. Touchstream asserts that the Court's incorrect basis for the ruling was that Touchstream has alleged only method claims, and Touchstream insists that it is not the type of claim asserted that controls whether foreign damages are recoverable. *Id.* Given that there is no intervening change in controlling law and no new evidence available, the Court reviews Touchstream's Motion based on the need to correct a clear or manifest error of law or fact.

Touchstream's Motion advances one main argument– that whether domestic infringement of method claims can be tied to foreign sales controls whether foreign damages are recoverable.

2

ECF No. 107 at 1 (citing *ArcherDX, LLC v. Qiagen Scis., LLC*, 2022 WL 4597877, at *13 (D. Del. Sept. 30, 2022) (affirming verdict for foreign damages based on evidence that "domestic infringement (use of the accused products) was a substantial cause of the sale of products abroad," stating, "[i]n *CMU*, the Federal Circuit noted that the products 'practice[ ] the method in its normal intended use' and concluded that causation to domestic infringing uses was established given the design, simulation, and testing of the chips in California involved infringing uses and caused the worldwide sales"), citing *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 807 F.3d 1283, 1306-07 (Fed. Cir. 2015)). Touchstream asserts that this is the case here, and that the Court should compel Google to produce its global usage metrics, as Google has stated that "N.D. Cal. is where Google was founded, maintains its headquarters, and researches, develops, designs, and primarily maintains the accused functionality in the accused Chromecast products." *Id.* at 12 (citing ECF No. 27 at 5). Touchstream reasons that but for Google's domestic infringement, Google could not have rolled out its infringing functionality to the rest of the world. *Id.*

Touchstream's reliance on *ArcherDX* and *Carnegie Mellon* is misplaced. The Court in *ArcherDX* explained that *Carnegie Mellon* addressed calculation of damages for infringement of a method claim that relied on the sales of products that perform that method. *See ArcherDX, LLC*, 2022 WL 4597877, *12. There, an issue was involved that is not present in this case (whether certain sales of allegedly infringing chips happened in the United States); whereas the question here is where the method was practiced. *See Carnegie Mellon Univ.*, 807 F.3d at 1305. The Federal Circuit in *Carnegie Mellon* clarified that there is a problem with [applying the royalty rate] to the chips made and delivered abroad, and never imported into the United States, unless those chips can fairly be said to have been sold here. *Id.* at 1305–06. Similarly, in *ArcherDX*, the jury was instructed that it could award use sales of products that practice the patented method outside the

United Stated to measure damages if "(1) [defendant's] infringement in the Unites States was a substantial cause of the sale of that product, and (2) [defendant] made or sold the product within the United States." *ArcherDX, LLC*, 2022 WL 4597877, *12. Unlike in those two cases, here, it is uncontested that the foreign activities or products that allegedly infringe the accused method (through use of limited features not always used) abroad are not sold, used, or imported into the United States.

Moreover, the other cases cited by Touchstream in its Motion to address whether damages are recoverable in connection with foreign sales when domestic activities listed in 35 U.S.C. 271(a) occur are inapposite. ECF No. 107 at 2 (citing *W.H. Wall Fam. Holdings LLLP v. CeloNova Biosciences, Inc.*, No. 1:18-CV-303-LY, 2020 WL 1644003 (W.D. Tex. Apr. 2, 2020); *Plastronics Socket Partners, Ltd. v. Dong Weon Hwang*, 2019 WL 4392525, at *5 (E.D. Tex. June 11, 2019)). In *W.H. Wall Fam. Holdings LLLP*, the Court granted Plaintiff's motion to compel where Plaintiff sought discovery for how many products Defendant manufactured, sold, or offered for sale in the United States, as well as information on products manufactured in the United States and shipped to or sold in foreign markets. *See* 2020 WL 1644003, *2–3. Similarly, *Plastronics Socket Partners* denied summary judgement where Plaintiff had adduced evidence suggesting that Defendant imported infringing products into the United States for their subsequent sale abroad. *See* 2019 WL 4392525, *5.[1]

---

[1]Touchstream cites two new cases in its Reply in support of its argument, but those cases are also distinguishable from the instant action. ECF No. 112 at 2 (citing *McGinley v. Luv N' Care, Ltd.*, 2018 WL 9814589, at *5 (W.D. La. Sept. 10, 2018); *Polaris Innovations Ltd. v. Kingston Tech. Co.*, 2017 WL 3275615, at *13 (C.D. Cal. Feb. 14, 2017)). *McGinley* involved discovery of information relevant in determining whether sales of the allegedly infringing product occurred within the U.S. *See McGinley*, 2018 WL 9814589, *5. In *Polaris*, the Court addressed whether worldwide financial information Plaintiff sought from Defendant was relevant for Plaintiff to prove which sales and revenues were attributable to products ending up in the United States. *See Polaris Innovations Ltd.*, 2017 WL 3275615, * 4, *10.

The motion to compel sought information on casting and non-casting activity outside the United States. ECF No. 111. There is no dispute that infringement of a method claim requires that each of the claimed steps be performed within the United States. *See INVT SPE LLC v. Int'l Trade Comm'n*, 46 F.4th 1361, 1371 (Fed. Cir. 2022) (holding infringement of method "claims require[] actual performance of each claimed step . . . in the United States"); *see also Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, 576 F.3d 1348, 1365 (Fed. Cir. 2009) (holding that the language, legislative history "support the conclusion that Section 271(f) does not apply to method patents."). Touchstream therefore fails to identify a basis to allow discovery on foreign usage concerning products that allegedly perform the accused method outside the United States. Nor does Touchstream provide sufficient evidence to warrant the Court's reconsideration of its denial of Touchstream's motion to compel.

## IV.    CONCLUSION

For the reasons stated above, Defendant Google, LLC's Opposed Motion for Leave to File Sur-Reply (ECF No. 114) is **GRANTED**, and Plaintiff Touchstream Technologies, Inc.'s Motion for Reconsideration of Denial of its Motion to Compel Production of Global Usage Metrics (ECF No. 107) is **DENIED**.

SIGNED this 16th day of December, 2022.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE