# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| TOUCHSTREAM TECHNOLOGIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No. 6:21-cv-569-ADA |
| | § | |
| GOOGLE LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |
| | § | |

**GOOGLE LLC'S MOTION FOR RECONSIDERATION OF THE COURT'S PRETRIAL ORDER EXCLUDING GOOGLE'S TWONKY SYSTEM-BASED INVALIDITY THEORIES FROM TRIAL**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

TABLE OF ABBREVIATIONS ............................................................................................... iii

TABLE OF EXHIBITS ............................................................................................................ iv

INTRODUCTION ...................................................................................................................... 1

I.    BACKGROUND ............................................................................................................. 1

      A.    The Twonky System ............................................................................................. 1

      B.    The Court Excluded Google's Twonky System-Based Invalidity Theories.......... 2

II.   LEGAL STANDARD...................................................................................................... 4

III.  ARGUMENT .................................................................................................................. 5

CONCLUSION........................................................................................................................... 7

## TABLE OF AUTHORITIES

**Page**

CASES

*Abbott v. Equity Grp.*,
2 F.3d 613 (5th Cir. 1993) ...................................................................................................5

*Am. Canoe Assoc. v. Murphy Farms, Inc.*,
326 F.3d 505 (4th Cir. 2003) ...............................................................................................5

*Austin v. Kroger Tex., L.P.*,
864 F.3d 326 (5th Cir. 2017) ...............................................................................................5

*Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*,
188 F.3d 278 (5th Cir. 1999) ...............................................................................................4

*Hill v. Int'l Paper Co.*,
121 F.3d 168 (5th Cir. 1997) ...............................................................................................5

*Ingenico Inc. v. IOENGINE, LLC*,
No. 2023-1367, 2025 WL 1318188 (Fed. Cir. May 7, 2025) ......................................1, 4, 6

*Ruben A. v. El Paso Indep. Sch. Dist.*,
2009 WL 10669147 (W.D. Tex. Aug. 13, 2009) ..................................................................5

STATUTES

35 U.S.C. § 102 ...........................................................................................................................6

35 U.S.C. § 103 ...........................................................................................................................6

35 U.S.C. § 315 .................................................................................................................. passim

OTHER AUTHORITIES

Fed. R. Civ. P. 54 ....................................................................................................................4, 5

Fed. R. Civ. P. 59 ........................................................................................................................5

L.R. CV-7(g) ...............................................................................................................................4

**TABLE OF ABBREVIATIONS**

| Abbreviation | Definition |
|---|---|
| Google | Google LLC |
| Touchstream | Touchstream Technologies, Inc. |
| '251 patent | U.S. Patent No. 8,356,251 (PTX-865) |
| '528 patent | U.S. Patent No. 8,782,528 (PTX-885) |
| '289 patent | U.S. Patent No. 8,904,289 (PTX-863) |
| asserted patents |  the '251 patent, the '528 patent, and the '289 patent |

*All emphasis added unless otherwise noted.*

-iv-

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---------|-------------|
| A | *Ingenico Inc. v. IOENGINE, LLC*, No. 2023-1367, 2025 WL 1318188 (Fed. Cir. May 7, 2025) (precedential). |

## INTRODUCTION

The Federal Circuit's recent precedential decision in *Ingenico Inc. v. IOENGINE, LLC*, No. 2023-1367, 2025 WL 1318188 (Fed. Cir. May 7, 2025) (Exhibit A), contradicts this Court's pretrial ruling that IPR estoppel precluded Google from presenting its Twonky System-based invalidity theories at trial. This change in the law entitles Google to a new trial to present its Twonky System theories to a jury.

*Ingenico* resolved a split among the district courts about the proper scope of the IPR estoppel statute, 35 U.S.C. § 315(e)(2). This Court, along with some other district courts, concluded that § 315(e)(2) prevented defendants from presenting system prior-art theories at trial when the evidence of how those systems worked consisted of technical documentation and other printed publications that, in this Court's and other courts' views, reasonably could have been raised in parallel IPRs. The Federal Circuit came out the other way. It held that an invalidity theory based on a prior-art system is not a "ground" that could have been raised in an IPR—even if the evidence of how the prior-art system worked consisted of technical documentation and other printed publications.

*Ingenico* makes clear that this Court's pretrial ruling rested on a mistaken legal premise. Because this Court has not yet entered final judgment, this Court should reconsider and reverse its pretrial ruling excluding Google's Twonky System-based invalidity theories from trial and grant a new trial on invalidity.

## I.    BACKGROUND

### A.    The Twonky System

The Twonky System was a software suite comprising several interacting software packages developed by PacketVideo Corporation. Dkt. 150-1 ¶ 111. PacketVideo designed the Twonky System to allow customers to access and control media across a network on various devices,

including laptops, smartphones, and display devices. *See id.* ¶¶ 111-33. The Twonky System was publicly available well before Touchstream sought the asserted patents and thus is prior art. *See id.* ¶ 111.

Throughout this case, Google developed invalidity theories concerning the Twonky System. During discovery, Google sought documentation and other information describing the system's functionality, as well as videos that demonstrated its use. Among other things, Google subpoenaed third-party J.M. Driver LLC d/b/a Lynx Technology (the corporate successor to PacketVideo) for internal documentation and requested documents directly from former PacketVideo employees. *See* Dkt. 136-11 ¶ 2; Dkt. 149-9. Google produced these materials to Touchstream.

Google's technical expert, Dr. Ketan Mayer-Patel, relied on these materials describing the Twonky System when opining on the invalidity of the asserted claims. Dkt. 150-1 ¶¶ 2, 111. Dr. Mayer-Patel developed numerous invalidity theories that relied on the Twonky system and disclosed them in his expert report. *E.g.*, Dkt. 150-1 ¶¶ 472-676, 794-870, 1328-689, 1868-2042, 2389-549, 2637-716. Dr. Mayer-Patel was prepared to present these Twonky System-based theories to the jury at trial.

**B.    The Court Excluded Google's Twonky System-Based Invalidity Theories**

After Touchstream sued Google for infringement, Google petitioned for IPR of each of the asserted patents. While seeking institution, Google stipulated that, if the Patent Trial and Appeal Board were to institute the IPRs, Google would not "pursue in the related district court proceeding 'any ground that [Google] raised or reasonably could have raised' during the IPRs." Dkt. 136-4. And in that stipulation, Google cited and quoted 35 U.S.C. § 315(e)(2). The Board instituted review, and as a result, the stipulation barred Google from raising any grounds in this case that it

would be statutorily estopped from pursuing under 35 U.S.C. § 315(e)(2). *See id.*[1]

Touchstream moved to exclude Google from presenting its Twonky System-based invalidity theories at trial. Dkt. 136. It argued that, because Google stipulated "to be bound by the same limits set forth in the IPR estoppel provision of § 315—which precludes an IPR petitioner from asserting 'any [invalidity] ground that the petitioner raised or reasonably could have raised during that inter partes review' in litigation involving the same patent and claims," *id.* at 3 (alteration in original), Google was precluded from presenting any system art at trial if Google intended to use patents or printed publications to prove how that prior-art system worked, *id.* at 4. In their briefing, both Touchstream and Google emphasized the split among the district courts on this issue. *See* Dkt. 136 (Touchstream's motion) at 4; Dkt. 149 (Google's opposition) at 4-6; Dkt. 177 (Touchstream's reply) at 5-7.

At the June 28, 2023 Pretrial Conference, this Court granted Touchstream's motion to exclude invalidity theories that relied on the Twonky System. Dkt. 232 at 1-2. In its omnibus pretrial order memorializing its ruling, the Court briefly explained that it was excluding those theories "because the Twonky system has 'materially identical' disclosures as the prior art [Google] could have relied on in the IPR[s]." *Id.* As a result of that ruling, Google was unable to present any of those invalidity theories to the jury at the July 2023 trial.

On May 7, 2025, the Federal Circuit issued its precedential decision in *Ingenico*, addressing the scope-of-estoppel issue that was at the heart of Touchstream's motion to exclude and this Court's ruling. The Federal Circuit explained that there was "a split among district courts" about

---

[1] On September 27 and October 2, 2023, the Board decided the IPRs in Touchstream's favor; Google has appealed those judgments. The Board's issuance of its decisions does not alter the estoppel analysis. While the timing differs as to when estoppel attaches (§ 315(e)(2) estoppel attaches when an IPR "results in a final written decision," whereas Google's stipulation bound it as of institution), the scope of the preclusion was identical.

-3-

the "proper interpretation" of the term "ground" as used in 35 U.S.C. § 315(e)(2). *Ingenico*, 2025 WL 1318188, at *5. Interpreting that term, the Federal Circuit held that "IPR estoppel does ***not*** preclude a petitioner from relying on the same patents and printed publications as evidence in asserting a ground that could not be raised during the IPR, such as that the claimed invention was known or used by others, on sale, or in public use." *Id.* at *7. Because "a ground is not the prior art asserted during an IPR," the Federal Circuit affirmed the district court's ruling permitting the defendant to present at trial a prior-art system that "was known or used by others, on sale, or in public use" as evidenced by patents, technical documentation, "and other printed publications." *Id.* at *7-8.

Following the Federal Circuit's *Ingenico* decision, Google conferred with Touchstream, explaining that the decision undermined the basis for this Court's pretrial ruling excluding the Twonky System prior-art theories from trial. *See* L.R. CV-7(g). Google sought Touchstream's consent to request a new trial on these invalidity theories. Touchstream declined to consent and has indicated that it will oppose this motion.

## II.    LEGAL STANDARD

An intervening change in the law warrants reconsideration of an earlier ruling that is contrary to that change and warrants the grant of a new trial. "[W]hen law changes in unanticipated ways," a party is generally entitled to "a new trial to give [it] the benefit of the new law and the opportunity to present evidence relevant to that new standard." *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 188 F.3d 278, 282 (5th Cir. 1999) (discussing an intervening change in law while a case is pending on appeal). At least two Federal Rules of Civil Procedure provide means for granting such relief here.

Rule 54(b) "allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[] at any time' 'any order or other decision … [that] does not end the

action.'" *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)). This approach "reflect[s] the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)). Courts may exercise this power "at any time prior to entering final judgment." *Ruben A. v. El Paso Indep. Sch. Dist.*, 2009 WL 10669147, at *3 (W.D. Tex. Aug. 13, 2009); *see also Am. Canoe Assoc. v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003) (A "district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted."). In this case, the Court entered judgment on the jury's verdict, Dkt. 256, but that judgment is not final because post-trial motions remain outstanding.

Rule 59 also permits a new trial based on an intervening change in law. *Hill v. Int'l Paper Co.*, 121 F.3d 168, 177 (5th Cir. 1997) (granting a new trial based on "a mid-course change in [governing] law"). Although Rule 59 requires parties to seek a new trial within 28 days of judgment, the Fifth Circuit has interpreted the Rule liberally, permitting district courts to consider additional grounds for a new trial after a party files its initial Rule 59 new-trial motion. *See, e.g.*, *Abbott v. Equity Grp.*, 2 F.3d 613, 628 (5th Cir. 1993) ("[A] trial court may in the exercise of its sound discretion allow a tardy amendment stating an additional ground for a new trial." (emphasis omitted)).

III.    ARGUMENT

The Federal Circuit's *Ingenico* decision undermines the basis of this Court's pretrial ruling precluding Google from presenting the Twonky System prior-art theories at trial. Given this intervening change in law, this Court should reconsider under Rules 54(b) and/or 59 its pretrial ruling and order a new trial on all of Google's invalidity theories that rely on the Twonky System.

*Ingenico* resolved the split among the district courts concerning the scope of IPR estoppel

under 35 U.S.C. § 315(e)(2).  It "h[eld] that IPR estoppel applies only to a petitioner's assertions in district court that the claimed invention is invalid under 35 U.S.C. §§ 102 or 103 because it was patented or described in a printed publication (or would have been obvious only on the basis of prior art patents or printed publications)." *Ingenico*, 2025 WL 1318188, at *7.  It further held that "IPR estoppel does not preclude a petitioner from asserting that a claimed invention was known or used by others, on sale, or in public use in district court" because "[t]hese are different grounds that could not be raised during an IPR."  *Id.*  And "IPR estoppel does not preclude a petitioner from relying on the same patents and printed publications" that reasonably could have been used in the IPR as evidence in district court "in asserting a ground that could not be raised during the IPR."  *Id.*

The Federal Circuit's *Ingenico* decision specifically focused on a prior-art system ("the DiskOnKey System") like the Twonky System here.  After filing IPRs, the defendant in the parallel district court litigation asserted that the DiskOnKey System invalidated the asserted claims because it "was known or used by others, on sale, or in public use." *See id.* at *1, *7.  The patentee moved under § 315(e)(2) to preclude the defendant from relying on documentation related to the DiskOnKey System because the defendant "reasonably could have been expected to raise it during the IPR proceedings." *Id.* at *1.  The district court disagreed and permitted the defendant to present the system-based invalidity theory at trial.  *Id.*  On the patentee's appeal, the Federal Circuit affirmed.  After interpreting the term "ground" as used in § 315(e)(2), the Federal Circuit held that the DiskOnKey system grounds were "grounds that could not have been raised during the IPR." *Id.* at *8.  This was so even though the defendant relied on a "Readme file and other printed publications" as "evidence to support these grounds" in the district court.  *Id.*

Here, Google asserted that the claimed inventions were obvious over art, including the

Twonky System, that was in public use, on sale, prior sale, known in this country, or otherwise available to the public before the statutory critical dates.  *E.g.*, Dkt. 136-6 at 1-2, 62-63, 91-93; Dkt. 150-1, ¶¶ 111-33.  This Court, however, excluded the Twonky System-based theories on grounds that the cited art had "'materially identical' disclosures as the prior art [Google] could have relied on in the IPR[s]."  Dkt. 232 at 1-2.  *Ingenico* is an intervening change in law that undermines the logic of that exclusionary ruling.  Under *Ingenico*, Google is entitled to present its Twonky System-based invalidity theories to a jury.  As a result, this Court should reconsider and reverse its pretrial ruling that precluded Google from doing so and grant a new invalidity trial on those theories.

### CONCLUSION

Based on the intervening change in law, the Court should reverse its pretrial ruling and hold that Google is entitled to a new invalidity trial on its Twonky System theories.

Dated:  June 3, 2025

Respectfully submitted,

By: */s/ Michael E. Jones with permission for Tharan Gregory Lanier*

Michael C. Hendershot (admitted *Pro Hac Vice*)
Tharan Gregory Lanier (admitted *Pro Hac Vice*)
Evan M. McLean (admitted *Pro Hac Vice*)
Gurneet Singh (admitted *Pro Hac Vice*)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
(650) 739-3939
Fax: (650) 739-3900
mhendershot@jonesday.com
tglanier@jonesday.com
emclean@jonesday.com
gsingh@jonesday.com

Tracy Ann Stitt (admitted *Pro Hac Vice*)
Jennifer L. Swize (admitted *Pro Hac Vice*)
Edwin O. Garcia (admitted *Pro Hac Vice*)
JONES DAY
51 Louisiana NW
Washington, DC 20001
(202) 879-3939
Fax: (202) 626-1700
tastitt@jonesday.com
jswize@jonesday.com
edwingarcia@jonesday.com

John R. Boulé III
CA State Bar No. 322929
JONES DAY
555 South Flower St.
Fiftieth Floor
Los Angeles, CA 90071
(213) 489-3939
jboule@jonesday.com

Michael E. Jones
TX State Bar No. 10929400
E-mail: mikejones@potterminton.com
Shaun W. Hassett
TX State Bar No. 24074372
E-mail: shaunhassett@potterminton.com
POTTER MINTON PC
102 N. College Ave., Suite 900
Tyler, TX 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

***Attorneys for Defendant Google LLC***