# Exhibit A

Filed
April 17, 2026
Clerk of the Court
Superior Court of CA
County of Santa Clara
25CV470032
By:  fbryant

ORDER ON SUBMITTED MATTER

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| TOUCHSTREAM TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE LLC; MAJD BAKAR; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 25CV470032 <br><br> **ORDER RE: DEFENDANTS' MOTION TO STAY** |

This matter came on for hearing before the Honorable Theodore C. Zayner on March 18, 2026, at 1:30 p.m. in Department 19.  Having reviewed and considered the written submissions filed by the parties and having listened carefully to the arguments of counsel at the hearing, the Court now issues its order after hearing as follows.

## I.      Introduction

This is an action arising from the alleged misappropriation of trade secrets. On July 7, 2025, plaintiff Touchstream Technologies, Inc. ("Touchstream" or "Plaintiff") filed the still-operative complaint against defendants Google LLC ("Google") and Majd Bakar (collectively,

"Defendants"), asserting causes of action for (1) misappropriation of trade secrets pursuant to the California Uniform Trade Secrets Act ("CUTSA"), Civil Code section 3426 *et seq.*; (2) breach of contract; (3) fraud in the inducement; (4) violations of the Unfair Competition Law ("UCL"), Business and Professions Code section 17200 *et seq*; (5) violations of the UCL, Business and Professions Code sections 17043 and 17044.  As set forth in the complaint, Touchstream previously filed a federal lawsuit against Google in 2021 (*Touchstream Technologies, Inc. v. Google LLC* (W.D. Tex. 2021)  No. 6:21-cv-00569-ADA) (the "Texas Action").  (Complaint, ¶¶ 3, 32.)

Now before the Court is the Defendants' motion to stay this action pending the conclusion of the Texas Action, which Plaintiff opposes. As discussed below, the Court GRANTS the motion to stay.

## II.    Legal Standard

The California Code of Civil Procedure provides a trial court with authority to stay an action on the ground of inconvenient forum.  "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." (Code Civ. Proc., § 410.30, subd. (a).) "A defendant … may serve and file a notice of motion …: [¶] (2) to stay or dismiss the action on the ground of inconvenient forum." (Code Civ. Proc., § 418.10, subd.(a)(1).)

In addition, "[t]rial courts generally have the inherent power to stay proceedings in the interests of justice and to promote judicial efficiency." (*Freiberg v. City of Mission Viejo* (1995) 33 Cal.App.4th 1484, 1489.) The trial court's inherent power to exercise reasonable control over all proceedings connected with the litigation before it "rests upon and is limited by the exercise of sound judicial discretion." (*Bailey v. Fosca Oil Co.* (1963) 216 Cal.App.2d 813, 818.) "Granting a stay in a case where the issues in two actions are substantially identical is matter addressed to the sound discretion of the trial court." (*Thompson v. Continental Ins. Co.* (1967) 66 Cal.2d 738, 746 (*Thomson*).) A California trial court also has discretion to stay proceedings

based on reasons of comity when a related action is pending in federal court or in the court of a sister state. (*Id.* at pp. 746-747 [pendency of nearly identical action in federal court may be grounds for stay of proceedings in a California court].)

"In exercising its discretion, the court should consider the importance of discouraging multiple litigation designed solely to harass an adverse party, and of avoiding unseemly conflicts with the courts of other jurisdictions. It should also consider whether the rights of parties can best be determined by the court of the other jurisdictions because of the nature of the subject matter, the availability of witnesses, or the stage to which the proceedings in the other court have already advanced." (*Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Co.* (1993) 15 Cal.App.4th 800, 804 (*Caifa*) [internal punctuation and citations omitted].) "It is black letter law that, when a federal action has been filed covering the same subject matter as is involved in a California action, the California court has the discretion but not the obligation to stay the state court action. [Citations.]" (*Ibid.*)

**III.    Discussion**

Defendants move to stay this action pursuant to California Code of Civil Procedure sections 410.30 and 418.10, subdivision (a)(2) as well as the Court's inherent authority to issue a stay in the interest of justice and judicial efficiency.[1] (Notice of Motion and Motion, p. 2:5-8.) Plaintiff argues that a stay is not warranted under sections 410.30 and 418.10, subdivision (a)(2), but does not address a trial court's inherent authority to issue a stay.

The parties set forth the procedural and factual backgrounds of the two actions at issue. (Defendants' Memorandum of Points and Authorities ("MPA"), pp. 7:5 – 12:2; Declaration of Evan M. McLean in support of Defendants' motion to stay ("McLean Decl."), ¶¶ 9-32 and Ex. A-X; Plaintiff's Opposition ("Opp."), pp. 6:8 – 7:9.) In brief, Touchstream filed a complaint in Texas federal court in 2021 based on Google's alleged patent violations related to Google's 2013 launch of Chromecast, which allows users to stream or cast videos to other devices. Touchstream

---

[1] Further undesignated statutory references are to the California Code of Civil Procedure.

did not assert any California state law claims in the federal action. Google moved to transfer the Texas Action to the Northern District of California, and Touchstream opposed the motion.

The District Court denied the motion to transfer, and the case went to trial in 2023. During the trial, the Texas court directed a partial verdict in Google's favor by ruling that Touchstream failed to show that any infringement had been willful. The District Court discussed Touchstream's delay in bringing the case long after the launch of Chromecast and questioned why Touchstream did not bring claims related to the parties' Non-Disclosure Agreement ("NDA"). The jury rendered a verdict in favor of Touchstream. Google filed multiple post-trial motions, some of which the District Court has denied. Google filed motions for reconsideration on June 3, 2025, and those remain pending at the time this motion was submitted.

Defendants initially argue that the Court should stay the action under the forum non conveniens doctrine pursuant to Sections 410.30 and 418.10. (MPA, pp. 12:8 – 20:11.) They assert that Touchstream's pending litigation in the Texas Action provides a suitable alternative forum for purposes of a stay, that Touchstream's allegations in this action are virtually identical to those alleged in the Texas Action, and that the federal court could have exercised supplemental jurisdiction over . (*Id.* at pp. 13:7 – 16:18.) Defendants further contend that a stay to avoid duplicative litigation will benefit the parties, the courts, and the public. (*Id.* at pp. 16:19 – 20:11.) Defendants point to *Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744 (*Stangvik*) and *St. Paul Fire & Marine Ins. Co. v. AmerisourceBergen Corp.* (2022) 80 Cal.App.5th 1 (*St. Paul*) in arguing that a stay is warranted to avoid duplicative litigation. (MPA, pp. 16:19 – 17:5.)

> In determining whether to grant a motion based on forum non conveniens, a court must first determine whether the alternate forum is a "suitable" place for trial. If it is, the next step is to consider the private interests of the litigants and the interests of the public in retaining the action for trial in California. The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses. The public interest factors include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation.

(*Stangvik*, *supra*, 54 Cal.3d at p. 751.) According to Defendants, these factors are satisfied here because of the nature of the subject matter and its relation to the parties' NDA, because of the overlap of witnesses, because of the advanced stage of the litigation, and because a stay avoids a potential conflict with the Texas court. (MPA, pp. 17:6 – 20:11.) Finally, Defendants contend that the Court may exercise its inherent authority to stay the action for the same reasons. (*Id.* at p. 20:20-26.)

In opposition, Plaintiff argues that this action is separate and distinct from and not "substantially identical" to the Texas Action. (Opp., pp. 8:22 – 10:22.) Plaintiff emphasizes that the federal action is based on patents that are public, whereas this action is based on trade secrets that are not public by definition. Plaintiff asserts that the NDA's forum selection clause, providing that the "exclusive venue for any dispute relating to this agreement shall be Santa Clara County, California," did not apply in the Texas Action because Touchstream's patents were public knowledge and outside the bounds of the NDA. (*Id.* at 9:16-21; McLean Decl., Ex. D (the "NDA").) Plaintiff argues there is no overlap between the actions and that it seeks different remedies in this action, including disgorgement of profits and unjust enrichment, and these remedies are not available in a patent action. (Opp., p. 10:3 – 22.)

Plaintiff further argues that the discretionary factors weigh against a stay. (Opp., pp. 10:23 – 13:13.) Plaintiff denies that it filed the actions to make tactical use of the forum non conveniens doctrine and asserts that there is no genuine risk of unseemly conflicts. (*Id.* at p. 11:5-24.) Significantly, Plaintiff denies that res judicata applies because it did not and could not have raised the claims asserted in this action in the Texas Action "because Google hid its misappropriation until the federal trial exposed them." (*Id.* at p. 12:1-10.)  Plaintiff insists that the final judgment in the Texas Action will have no preclusive effect in this action. (*Id.* at p. 12:14-15.) Plaintiff contends that the Texas court is not a suitable alternative because the NDA's forum selection clause required this action to proceed in California. (*Id.* at pp. 13:14 – 14:8.) Plaintiff maintains that public and private interests do not justify a stay. (*Id.* at pp. 14:9 – 15:1.) Finally, Plaintiff argues that a stay will only delay trial, that this case will not impact court

congestion, and that California's interest in deterring trade secret misappropriation weighs against a stay. (*Id.* at p. 15:3-15.)

In this case, the Court will exercise its discretion to stay this action to avoid a potential conflict with the District Court and because the proceedings in the federal action are already much more advanced. While Touchstream may not have filed this action with any inappropriate intent to harass or burden the Defendants, the Court cannot discount at this time that there may be tactical considerations which played some part in the filing of these respective actions at different times in different venues. However, the Court makes no findings in this regard and does not rely on any such inferences in reaching its decision on the motion currently before it. As Defendants argue, it is possible that a final judgment in the federal action would have preclusive effect to some of the claims in this action because the patent claims and CUTSA claims may have arisen from "a common nucleus of operative facts." (MPA, p. 15:3-6; *VTA Techs. Inc. v. ASUS Computer Int'l* (N.D. Cal. June 18, 2015) 2105 WL 3809382, 2015 U.S. Dist. LEXIS 12745, at *6 [federal courts may assert supplemental jurisdiction over state law claims when the state and federal claims at issue "derive from a common nucleus of operative fact"]; see also *Thomson*, *supra*, 66 Cal.2d at p. 746, fn. 5 ["a litigant may not, by eliminating or failing to plead related claims arising out of the same circumstances, evade the substantial identity rule"].)

Plaintiff's arguments to contrary are unpersuasive. First, Plaintiff ignores Defendant's argument that the Court's inherent authority provides an independent basis to grant a stay. (See *DuPont Merck Pharmaceutical Co. v. Sup. Ct.* (2000) 78 Cal.App.4th 562, 566 ["By failing to argue the contrary, plaintiffs concede this issue"].) More importantly, Plaintiff's argument that the final judgment in Texas will have no preclusive effect here is insufficiently developed to support a denial of the instant motion to stay. Plaintiff asserts that it could not have raised its trade secret claims in the Texas Action because it was not yet aware of them. But based on the record before the Court, it appears equally plausible that Plaintiff knew or at least should have known of its potential trade secret claims when it filed its initial action in Texas in 2021. Plaintiff does not adequately refute Defendants' contention that the subject matter of both actions centers on the meetings between Touchstream and Google between 2011 and 2012.

ORDER RE: DEFENDANTS' MOTION TO STAY

In sum, because the Court finds there is at least some apparent overlap between the subject matter in this action and that in the further-developed federal action, the Court will exercise its discretion to stay this action pending the final judgment in the Texas Action. (*Caifa*, *supra*, 15 Cal.App.4th at p. 804 ["It is black letter law that, when a federal action has been filed covering the same subject matter as is involved in a California action, the California court has the discretion but not the obligation to stay the state court action"].)

## IV.    Conclusion

Defendants' motion to stay the action is GRANTED.  This action is STAYED until the entry of final judgment in *Touchstream Technologies, Inc. v. Google LLC* (W.D. Tex. 2021)  No. 6:21-cv-00569) – or upon further order of this Court, upon stipulation or further application by the parties.

The Court sets a further Case Management Conference on August 19, 2026 at 2:30 p.m.

**IT IS SO ORDERED**

Dated:   April 17, 2026

HON. THEODORE C. ZAYNER
JUDGE OF THE SUPERIOR COURT

ORDER RE: DEFENDANTS' MOTION TO STAY