**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **TOUCHSTREAM TECHNOLOGIES, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Case No. 6:21-cv-569-ADA |
| | § | |
| **GOOGLE LLC,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendant.* | § | |
| | § | |

**GOOGLE'S RESPONSE TO ORDER REASSIGNING CASE (DKT. 339)**

Defendant Google LLC submits this response to the Court's May 6, 2026 Order

reassigning this case from Judge Alan D. Albright to Judge Christopher R. Wolfe.  Dkt. 339.  In

that order, the Court "directed [the parties] to resubmit their previously entered scheduling order as

a proposed scheduling order."  *Id.* at 1.  Currently, there is no case schedule in this matter, but

Google notes that various post-trial motions are pending.  They are:

- Touchstream's Opposed Rule 59(e) Motion to Amend the Judgment to Include
  Supplemental Damages, Ongoing Royalties, and Interest, filed September 20, 2023,
  with the parties' full briefing located at these docket entries:
  o Touchstream's motion, Dkt. 274
  o Google's opposition, Dkt. 282
  o Touchstream's reply, Dkt. 288

- Google's Motion for Reconsideration of the Court's Pretrial Order Excluding
  Google's Twonky System-Based Invalidity Theories from Trial, filed June 3, 2025,
  with the parties' full briefing located at these docket entries:
  o Google's motion, Dkt. 312
  o Touchstream's opposition, Dkt. 319
  o Google's reply, Dkt. 322
  o Google's notice of supplemental authority, Dkt. 330
  o Touchstream's response to Google's notice of supplemental authority, Dkt. 331

- Google's Motion for Reconsideration of (A) Its *Daubert* Motion to Exclude Certain
  Opinions of Damages Expert Mark J. Chandler and (B) Its Post-Trial Motions, filed
  June 3, 2025, with the parties' full briefing located at these docket entries:

1

- o  Google's motion, Dkt. 313
- o  Touchstream's opposition, Dkt. 320
- o  Google's reply, Dkt. 324
- o  Google's notice of supplemental authority, Dkt. 327
- o  Touchstream's response to Google's notice of supplemental authority, Dkt. 328
- o  Touchstream's corrected notice of supplemental authority, Dkt. 334
- o  Google's response to Touchstream notice of supplemental authority, Dkt. 335

On June 10, 2025, after the parties filed these motions, the Court "appoint[ed] Dr. Joshua J. Yi as a Technical Advisor to assist the Court with post-trial motions." Dkt. 316. The parties have provided copies of the above briefing to the Technical Advisor.

Google maintains its request for argument on its motion for reconsideration (Dkt. 313) and its post-trial motions (Dkts. 275 & 276), i.e., Google's post-trial motion for renewed judgment as a matter of law (Dkt. 275) and Google's post-trial motion for a new trial (Dkt. 276). When the Court held argument on Touchstream's post-trial Rule 59(e) motion to amend the judgment (Dkt. 274) on January 3, 2024, it declined to simultaneously hear argument on Google's post-trial motions (Dkts. 275 & 276), and the Court denied those Google motions without argument. As Google stated in the subsequent motion for reconsideration (Dkt. 313 at 11-12), both of its post-trial motions are affected by that motion for reconsideration, thereby warranting argument. To date, the Court has not scheduled any argument on Google's motions. Accordingly, Google hereby reiterates its request for argument and stands ready to present argument as helpful to the Court. Google understands from Touchstream that it continues to oppose argument on Google's motions.

Finally, a note on the timing and non-joint nature of this notice. Since May 13, 2026, Google has sought to file a joint notice with Touchstream. Touchstream initially declined outright. In response, Google explained that, given the scale of the Court's inherited workload—as well as Touchstream's co-pending California litigation, which the California court has stayed because it arises out of the same nucleus of facts as this case, Dkt. 338-1—a joint, and prompt, notice would

be appropriate.  Despite these efforts, the parties were unable to reach agreement on a joint

submission.  With more than a month having transpired after the Court issued its Order, Google

believes it is important to be as responsive as possible at this time, and Google now files its own

notice.  Google understands that Touchstream will respond to this notice separately.

Dated:  June 15, 2026                                    Respectfully submitted,

*/s/ Shaun W. Hassett with permission for*
*Tharan Gregory Lanier*
Michael C. Hendershot (admitted Pro Hac Vice)
Tharan Gregory Lanier (admitted Pro Hac Vice)
Evan M. McLean (admitted Pro Hac Vice)
Gurneet Singh (admitted Pro Hac Vice)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
(650) 739-3939
Fax: (650) 739-3900
mhendershot@jonesday.com
tglanier@jonesday.com
emclean@jonesday.com
gsingh@jonesday.com

Tracy Ann Stitt (admitted Pro Hac Vice)
Jennifer L. Swize (admitted Pro Hac Vice)
JONES DAY
51 Louisiana NW
Washington, DC 20001
(202) 879-3939
Fax: (202) 626-1700
tastitt@jonesday.com
jswize@jonesday.com

John R. Boulé III
CA State Bar No. 322929
JONES DAY
555 South Flower St.
Fiftieth Floor
Los Angeles, CA 90071
(213) 489-3939
jboule@jonesday.com

3

Michael E. Jones
TX State Bar No. 10929400
Shaun W. Hassett
TX State Bar No. 24074372
POTTER MINTON PC
102 N. College Ave., Suite 900
Tyler, TX 75702
(903) 597-8311
Fax: (903) 593-0846
mikejones@potterminton.com
shaunhassett@potterminton.com

***Attorneys for Defendant Google LLC***